**Christopher MUNIZ, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health & Human Services, Defendant.**

**Civ. A. No. 89–K–416.**

United States District Court, D. Colorado.

Jan. 9, 1992.

Daniel M. Taubman, Colorado Coalition of Legal Services Program, Denver, for plaintiff.

J. Greg Whitehair, Asst. U.S. Atty., for defendant.

## ORDER ON RULE 59(e) MOTION TO ALTER OR AMEND

KANE, Senior District Judge.

On October 30, 1991, the Secretary moved to alter or amend my October 16, 1991 order affirming the administrative decision in this case and awarding attorney fees to the Plaintiff. The Secretary argues that I misconstrued the order remanding this case for further proceedings as a "sixth-sentence" remand, and not a "fourth sentence" remand, because a "sixth sentence" remand is limited to cases involving the consideration of new evidence. *See Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (construing the fourth and sixth sentences of 42 U.S.C. § 405(g)). Therefore, the Secretary contends, as a "fourth sentence" remand, the Plaintiff's motion for attorney fees should have been denied as untimely.

■ In a recent Tenth Circuit decision, *Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992), the court of appeals held that

the sixth sentence of section 405(g) does not contemplate a remand for the purpose of hearing additional evidence or making additional findings of fact when the district court has found that the Secretary's position is not supported by substantial evidence or that the Secretary applied the wrong legal standards. Rather, "[t]he sixth sentence of § 405(g) plainly describes an entirely different kind of remand, appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding."

*Id.* 953 F.2d at 582 (citing *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990)). Thus, the Secretary is correct that an order remand-

ing the proceedings cannot be construed as a sixth sentence remand unless it involves the consideration of new evidence first presented to the district court.

■ The Secretary goes on to argue that, because the order in this case did not involve the consideration of such evidence and was not a "sixth-sentence" remand, perforce it was a "fourth-sentence" remand which became final upon issuance. The decision in *Gutierrez,* however, counsels against such a formulaic result. There the court recognized "a subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed." *Id.* 953 F.2d at 584. In so ruling, the court acknowledged that there are circumstances, such as those presented here, in which a remand order cannot be precisely aligned with one of the narrow categories outlined in *Melkonyan.*[1]

■ This case is not materially distinguishable from *Gutierrez.* In *Gutierrez,* the district court "concluded that the Secretary had failed to consider evidence relating to Plaintiff's mental impairments and had either misunderstood or misapplied [a psychiatric] evaluation," *id.* 953 F.2d at 581, and it remanded for further review. After the administrative proceedings were complete, the district court then entered final judgment for the plaintiff. Here, I ruled that "[t]he 'grids' do not offer a sufficient guide to justify a decision in this case without the testimony of a vocational expert" (Tr. at 20–21), and I remanded the case for this purpose, without expressly "affirming, modifying or reversing the decision of the Secretary," 42 U.S.C. § 405(g); *see* Order of Remand, filed Feb. 21, 1990. After the administrative proceedings were concluded favorably for the Plaintiff, on October 16, 1991 I entered an order affirm-

---

1. At the time of my October 16 ruling, it appeared that *Melkonyan* permitted only two types of orders for remand: "fourth-sentence" remand orders "affirming, modifying or reversing the Secretary," which are final, and "sixth-sentence" orders remanding for the taking of additional evidence when there is a showing that

there is "new evidence which is material and [for which] there is good cause for the failure to incorporate such evidence into the record," *see* 42 U.S.C. § 405(g), which are non-final orders. This led me to characterize the remand order in this case as a "sixth-sentence" order, as it most closely reflected the nature of the order.

ing the Secretary's administrative decision on remand. Consequently, my decision did not become final until that time, and the Plaintiff's request for attorney fees was timely.

Accordingly, the Secretary's motion to alter or amend my October 16, 1991 order is GRANTED in part and the order is amended to reflect the rationale outlined above. The Secretary's motion is DENIED in part as to his request that the Plaintiff's motion for attorney fees be declared untimely.